United States Bankruptcy Court

Middle District of Georgia

Macon Georgia

FILED
U.S. BANKRUPTCY COURT
2025 MAR -5 PM 1:15
MIDDLE DISTRICT
OF GEORGIA
MACON

Re, Sean Peyton Ross

Chapter 7 Debtor                                         Case Number 24-51851- RMM

Party in Interest

Cely Jeannette Ross

Fiduciary

# Emergency Motion for Stay of proceedings pending Appointment of Guardian AD Litem for Incompetent Debtor Ross Bankruptcy Case

## I.

## Capacity and Authority of filing Party

In this matter, I, Cely Jeannette Ross as duly appointed VA Spouse Fiduciary, both Appointed and Acting under USC Title 38 Law as Fiduciary of my Husband and Charge Sean Peyton Ross, Pro Se, unlearned of the law and proper filing procedures, does respectfully move this Court to Protect my Vulnerable Husband and Charge, Sean Peyton Ross, a 100% disabled veteran, suffering from a TBI induced series of mental illness, one of which s PTSD that impairs his cognitive ability and his thought processes and memory as rated by the VAs from imminent and irreparable harm to his Estate and his Rights in Federal Bankruptcy Court.

I mean n Disrespect to this Court and again state that I have a Duty to fill in Discharging my Duties to my Charge, the Debtor.

I agree that a Chapter 7 is necessary but with all proper safeguards, checks and balances in Place, and as the Debtors Fiduciary, I could not represent him in the bankruptcy so as Fiduciary, I Cely Jeannette Ross Obtained an Attorney for my Charge, the Debtor with the understanding that as Fiduciary I am responsible to Protect my Charge, the Debtors, Income, Assets and Rights per my obligation and Fiduciary Duty as Outlines Under State and Federal Law.

Furthermore as Fiduciary, I , Cely Jeannette Ross cannot be the Debtors GAL and as such as the Debtors Condition warrants and is his right, a GAL must be appointed for the bankruptcy as part of the checks and balances.

I wish to discuss the matter with Trustee, Walter Kelly at his earliest convenience so that he as Trustee and I as Fiduciary can get on the same sheet of music as they say to wrap up this Chapter 7to a proper and just resolution for all and move on with the Debtors Fresh Start.

I am acting under my Rights in the Capacity of Fiduciary of my husband Sean Peyton Ross, and under the Authority of Title 38 Chapter 1 Section 13, power of Fiduciary as granted to me by the United States Dept. of Veterans Affairs.

I cite claim preclusion and do not fully understand it but I have been advised to invoke the following case law as this is an ADA Rights issue as well as a Constitutional issue to Due process, Adequate Representation and Right to Redress matter at both State and Federal level.

Citing "KALEENA BULLINGTON, Plaintiff-Appellant, v. BEDFORD COUNTY, TENNESSEE...905 F.3d 467 (6th Cir. 2018)"

This case outlines the consequences of what happens when a State court engages in disability discrimination. Now, under this decision, a person with a disability has parallel tracks they can pursue (the ADA as well as procedural and substantive due process).

## Supporting law

The courts have the power to protect the integrity of the bankruptcy proceedings as well as State Court Proceedings so I Cite the following.

In *Local Loan Co. v. Hunt*, 292 U.S. 234 (1934), the Supreme Court emphasized the broad equitable powers of bankruptcy courts to prevent injustice.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)

And Marbury v. Madison, **5 U.S. 137 (1803) Holding that Congress does not have the power to pass laws that override the Constitution**,

### Question before the Court

This Court is bound by the fundamental principles of the Americans with Disabilities Act (ADA), must ensure this individual has "meaningful access" to the proceedings.

This brings us to the core foundation of the ADA, Title II, which, as stated in 42 U.S.C. §§ 12131-12134, explicitly prohibits discrimination by public entities, including courts. This means that the bankruptcy court, just like any other court, must provide "reasonable modifications" to its procedures to accommodate individuals with disabilities, ensuring they have an equal opportunity to participate.

Why is my Husband and Charge, the Debtor being told, yes you need one but it will complicate things?

Why when My Husband and Charge, the Debtor Spoke to the trustee's office about it, the Person wanted to know who and where at the VA Fiduciary Hub and called them?

Why is my Why is my Rights and Duties being overlooked and Sidestepped in both representing my Husband and Charge, the Debtor, as Fiduciary when I must use all tools and a GAL is needed?

Why has my Husband and Charge, now a Debtor after request at the state level and now twice in the Bankruptcy Court, requesting a GAL, is being denied?

Why is my Husband and Charge the Debtor, being denied his Right to be Heard, right to meaningful access and participation in the State Court and Bankruptcy Proceedings Thru Adequate and Complete Counsel and representation which by law includes a GAL for Bankruptcy Purposes to oversee the Proceedings and uphold his rights in bankruptcy Proceedings?

Why is my Husband and Charge, the Debtor being denied the Right to be heard and, Due Process to Obtain the GAL?

Why is My Husband and Charge Being Denied Equal Treatment under the Law?

## Congressional Intent and ADA Statute:

To understand the full scope of the ADA, it's essential to grasp Congress's intent. The ADA was enacted "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." (42 U.S.C. § 12101(b)(1)). Specifically, Title II, concerning public entities, aims to ensure that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." (42 U.S.C. § 12132). This intent is paramount in ensuring that courts, as public entities, are fully accessible.

The landmark Supreme Court cases, *Tennessee v. Lane* and *Turner v. Rogers*, provide crucial guidance. *Tennessee v. Lane* solidified the application of the ADA to state courts, while *Turner v. Rogers* emphasized that "meaningful access" goes beyond mere physical presence; it demands the ability to comprehend and engage in the proceedings. This is especially vital when dealing with individuals who have cognitive impairments.

In practical terms, this necessitates the provision of accommodations for the Debtor Sean Peyton Ross whom suffers with a cognitive disability in a bankruptcy proceeding, this might involve simplified explanations of complex legal jargon, the presence of a support person, or even more frequent breaks to prevent cognitive overload represented or not.

## Rule 1004.1. Petition for an Infant or Incompetent Person

If an infant or incompetent person is a debtor, the petition shall be filed on behalf of the infant or incompetent person by a representative who is competent to file it.

This rule directly addresses the need for representation when a debtor lacks the capacity to act on their own behalf. In the context of ADA compliance,

If the Court determines that a debtor's disability renders them "incompetent" for the purposes of filing a bankruptcy petition, Rule 1004.1 mandates that a competent representative file on their behalf.

In this case Georgia State law states that a VA determination is Prima Fascia evidence of the fact, furthermore, the VA being a Federal Agency in making the Determination further seals the conclusion and eliminates the need for a costly hearing on the fact.

This rule is a crucial component of ensuring "meaningful access" within bankruptcy courts. It acknowledges that some individuals, due to incapacity, cannot navigate the complexities of bankruptcy proceedings without assistance. It aligns with the ADA's mandate by ensuring that such individuals are not denied access to the bankruptcy system.

### Section 504 of the Rehabilitation Act:

Furthermore, it is important to remember that the Federal Rules of Bankruptcy Procedure, and the Federal Rules of Civil Procedure, when combined with the ADA, work to ensure that all parties have the ability to participate in the court process. Also, the Rehabilitation Act of 1973, through 29 U.S.C. § 794, prohibits discrimination in programs receiving federal funding, further strengthening protections.

Section 504 of the Rehabilitation Act of 1973 states:

**29 U.S.C. § 794. Nondiscrimination under federal grants and programs; promulgation of rules and regulations**

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

This provision is critical as it applies to courts and other entities receiving federal funds. It creates a separate, yet overlapping, protection for individuals with disabilities. Its impact is to further ensure that any court that receives federal funds, must also provide accommodations.

In Georgia, in addition to federal law, state statutes regarding competency and guardianship, such as Georgia Code § 29-4-10, come into play when determining the need for representation. If the court determines that an adult debtor is incapacitated, a guardian may be appointed under this statute.

### Guardians ad Litem (GALs) as a Right:

**The appointment of a GAL is not merely a procedural option, but a potential right under the law, particularly when the individual's ability to participate meaningfully in court proceedings is compromised by a disability.** This right is rooted in the principles of due process and equal protection, further reinforced by the ADA.

- **ADA and GALs:**
    - The ADA's mandate for "reasonable accommodations" can necessitate the appointment of a GAL when an individual's disability prevents them from effectively representing their own interests.
    - This is especially true in cases involving complex legal matters, such as bankruptcy, where the individual's cognitive limitations could lead to a denial of their rights.
- **State Law and GALs:**
    - In Georgia, as previously mentioned, Georgia Code § 9-11-17 is the primary statute within Title 9 that governs capacity to sue or defend and the appointment of representatives like GALs, particularly for incompetent persons within civil court proceedings.
- **Due Process:**
    - The Fifth and Fourteenth Amendments to the U.S. Constitution guarantee due process of law. This includes the right to a fair hearing and the opportunity to be heard.
    - For individuals with disabilities that impair their ability to participate, a GAL can be essential to ensuring that their due process rights are protected.

**The GAL's role is to advocate for the best interests of the individual, ensuring that their voice is heard and that their rights are protected.** This may involve:

- Conducting independent investigations.
- Gathering evidence.
- Making recommendations to the court.
- Representing the individual's interests in court proceedings.

In essence, the GAL serves as a safeguard, ensuring that individuals with disabilities are not disadvantaged by their limitations.

Crucially, Georgia law provides a significant evidentiary shortcut in certain cases. Specifically, Georgia Code § 29-4-11(b) states that a determination of incapacity by the United States Department of Veterans Affairs (VA) is prima facie evidence of incapacity in Georgia court proceedings.

This means that if a veteran has been rated incompetent by the VA, this rating serves as strong initial evidence that they are also incapacitated for the purposes of Georgia guardianship proceedings. This can streamline the process of determining competency, especially in situations where a veteran's mental capacity is in question. This rating is not absolute proof, and can be challenged, but it is a very high level of evidence.

## Bankruptcy Court's Duty and Dual Capacities:

Even if a debtor has retained an attorney and/or a fiduciary (such as a trustee or guardian), the bankruptcy court retains a distinct duty to appoint a GAL when necessary to ensure meaningful access. This duty arises from the court's obligation to uphold the ADA and protect the due process rights of vulnerable individuals.

Furthermore, Georgia law, as well as general ethical principles, often prohibits an attorney or fiduciary from acting in the dual capacity of a GAL. This is because:

- **Conflict of Interest:**
    - An attorney's primary duty is to represent the client's stated interests, while a GAL's duty is to represent the client's best interests, which may not always align.
    - A fiduciary's duties are also distinct, and may create a conflict.
- **Independent Advocacy:**
    - A GAL must be an independent advocate, free from any conflicting loyalties.
    - Georgia law, and general ethical rules, prevent an attorney from having a conflict of interest.
- **Georgia Code of Judicial Conduct:**
    - While not directly stating that a GAL cannot be a fiduciary, it does create rules against conflicts of interest that would make being both highly problematic.

Therefore, the interplay between the ADA, Federal Rule of Bankruptcy Procedure 1004.1, Georgia Code § 29-4-10, Georgia Code § 29-4-11(b), Georgia Code § 9-11-17. Section 504 of the Rehabilitation Act, the right to a GAL, and the prohibition of dual capacities ensures that individuals with disabilities, even those facing bankruptcy, are afforded the necessary support to participate meaningfully in the legal process, and that in Georgia, VA incompetency ratings are given a high level of evidentiary weight.

## Summary of facts

## Fiduciary

"This inquiry addresses a severe due process and ADA violation within the federal bankruptcy court, compounded by prior state court failures of the same. My Husband and Charge, Sean Peyton Ross, a disabled veteran, who once served and swore to uphold the Constitution, now suffers from the very systemic failures he once defended against.

My Husband and charge, Sean Peyton Ross, is a debtor through no fault of his own, just unfortunate circumstances and has been adjudicated incompetent by the VA, suffering from a traumatic brain injury (TBI), a spinal injury, severe mental illness, and other related mental health issues, all while under active doctor's care. He is 100% permanently and totally disabled, with documented memory impairment and gross impairment of thought processes requiring my daily aid and attendance to which he is paid extra compensation for that fact.

I, Cely Jeannette Ross signed for the Attorney for my Husband and Charge Sean Peyton Ross understanding a Guardian Ad litem would be provided under Georgia State, Bankruptcy and Federal Rules and Law from reading the law itself and by advice given to my person as Fiduciary.

I Cely Jeannette Ross understood that when an incompetent debtor files for Chapter 7 bankruptcy through an attorney even with a fiduciary's consent to representation, but without a court-appointed Guardian ad Litem (GAL), the filing while necessary is potentially problematic as it may raise questions about the legal capacity of the debtor to make such a significant financial decision, and thus required the appointment of a GAL to ensure the debtor's interests are properly protected as stated by Federal Rule and Bankruptcy Rule and Georgia Law .

I Cely Jeannette Ross, understood that while a power of attorney or other fiduciary consent can allow an attorney to act on behalf of an individual, it is not sufficient in a bankruptcy case where a high level of oversight is required of the Attorney and the trustee and the Courts due to the potential impact on the incompetent debtor's financial future, thus prompting the need for a GAL to protect the Debtor from Competing interest.

Now we are told a GAL would complicate things and no one is filing for a GAL nor listening and actually opposing it, leaving, I Cely Jeannette Ross as Fiduciary in a very bad position when I am only trying to protect my husband and Charge, Sean Peyton Ross in his person, his rights and his assets

## Summary of facts

## Debtor

Sean Peyton Ross, although appearing lucid at times is demonstrably unable to participate meaningfully in proceedings before the bankruptcy Court, he is being denied a Guardian ad Litem (GAL) for the bankruptcy to uphold all of his Due Process Rights despite explicit requests from both the fiduciary and the debtor.

Sean Peyton Ross has parallel issues of ADA Violations and Substantive rights to Adequate Representation of myself Cely Jeannette Ross as Fiduciary, Learned Counsel of Sherry Johnson, and of a GAL to make Sure All Parties including the Trustee and the Bankruptcy Court are doing what's in the interest of the Debtor and Creditor alike, in a fair manner alike, taking in the heightened Fiduciary Duties owed the Debtors estate by the trustee and the Courts understanding of this complex matter,

My Husband has requested a GAL and has been told it is not necessary and will complicate matters when one was requested and that although there are Rights issues and potential to regain property taken by state court under rights issues in an avoidance action, the Bankruptcy Court will not do so as the bankruptcy Court in Middle Georgia does not generally prefer adversarial Actions. My Husband has been Advised he could and other Courts would do so if he had been in another Court other than Middle Georgia District.

My Husbands Rights are being violated to redress in the matter refusing an avoidance action and the rights to Due process in holding the avoidance action and the right to equal treatment under bankruptcy law. The same Rights are being violated in not either accepting the VA ruling of incompetency and the supporting medical diagnosis for the ruling. The ruling although for payment of benefits and insurance purposes is sound and in no way is sort of a ruling by this court of incompetency for legal reasons.

Coupled with the state Courts court's refusal to conduct a competency hearing, disregard for VA federal findings leading to this bankruptcy filing and the Bankruptcy Court's refusal of the same in the previous Botched Chapter 13 of the Debtor, Appearance of doing the same in the current Chapter 7 and the potential for dismissal of the case for 'complexity' directly violate the debtor's constitutional rights to due process (Fifth Amendment), equal protection (Fourteenth Amendment), and access to the courts, and Redress including ADA Rights violations meaningful participation in the Courts process itself.

The court's (state and Bankruptcy) actions also contravene the **Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., 38 CFR Part 13 (VA Fiduciary Regulations),** and **Federal Rules of Bankruptcy Procedure, Rule 1004.1.** The **Supremacy Clause (Article VI, Clause 2)** is also being violated by the courts refusal to acknowledge the VA federal adjudications. The debtor's and fiduciary's rights to adequate representation, redress of grievances, and protection of VA benefits are being systematically undermined.

## Rationale

The **2021 Behr v. Campbell** 8 F.4th 1206 (11th Cir. 2021) reinforces the necessity of due process protections within Federal and bankruptcy Proceedings. A federal injunction is required to halt the ongoing violations and compel the court to: 1) conduct an immediate competency hearing, 2) appoint a GAL, and 3) cease any actions that would dismiss the case based on complexity arising from its own refusal to provide adequate representation. The pretext for such an injunction rests on the irreparable harm to the debtor and the systemic failure to uphold fundamental constitutional and federal statutory rights.

The **2021 Behr v. Campbell case** is also referenced because a creditor holds a state court judgment against the debtor where due process was violated multiple times. The bankruptcy court is considering abstaining from addressing the validity of this judgment under the Rooker-Feldman doctrine. While the Behr v. Campbell case itself wasn't a bankruptcy proceeding, its principles are highly relevant to bankruptcy courts, especially when due process and jurisdictional issues arise.

**The Behr v. Campbell case centered on a pro se plaintiff alleging numerous constitutional and tort violations arising from state court child custody proceedings, including claims of fabricated reports, coerced statements, and unlawful searches. It highlighted the complexities of federal court jurisdiction in reviewing state court judgments under the Rooker-Feldman doctrine, emphasizing the importance of safeguarding due process rights, even for pro se litigants.**

The *Behr v. Campbell* case underscores the importance of robust due process protections, which in bankruptcy, translates to ensuring that all parties, including debtors, creditors, and fiduciaries, receive fair notice and an opportunity to be heard. If a bankruptcy court disregards evidence of a debtor's incompetence, as in our ongoing scenario, it directly violates these due process protections. The *Behr v. Campbell* case emphasizes that even pro se litigants, who may lack legal expertise, are entitled to due process. Similarly, debtors with cognitive impairments require heightened protections. In bankruptcy, the Rooker-Feldman doctrine can become relevant when state court judgments intersect with bankruptcy proceedings. The *Behr v. Campbell* case's analysis of the Rooker-Feldman doctrine provides valuable guidance on how to navigate these jurisdictional complexities. In the case we have been discussing, the state court has made a judgement, but due process was violated, and the federal VA has made a ruling of incompetence, which makes the federal court ignoring the federal VA ruling even more egregious. The *Behr v. Campbell* case, with its focus on alleged constitutional violations, highlights the court's duty to protect vulnerable individuals from government overreach. In bankruptcy, this translates to safeguarding debtors from

unfair creditor actions and ensuring that their rights are protected throughout the process. When a debtor is incompetent, the court has a heightened duty to ensure that their rights are not violated. The *Behr v. Campbell* case reinforces this principle. One of the core issues of our ongoing scenario, is the debtors right to meaningful participation in the court. The *Behr v. Campbell* case highlights the importance of this right. A court that ignores VA competency findings, and state court due process violations, is denying the debtor meaningful access to the courts. In essence, the *Behr v. Campbell* case serves as a reminder that due process is not a mere formality but a fundamental right that must be upheld in all legal proceedings, including bankruptcy. It provides a framework for analyzing jurisdictional issues and reinforces the court's duty to protect vulnerable individuals. **

Adding to the complexity, the debtor has both a fiduciary and an attorney. While the attorney acknowledges the necessity of a GAL, they have refrained from filing a motion for one, fearing the court will 'complicate matters.' This indicates a potential systemic failure where even well-intentioned attorneys are constrained by a court's procedural practices, ultimately harming the debtor. The attorney is otherwise a good attorney working in a broken system. The cumulative effect of these violations creates a situation of irreparable harm, necessitating immediate federal intervention to protect the debtor's fundamental rights and uphold the integrity of the federal judicial system. Furthermore, allegations of fraud, as outlined in *Cabal v. Tabas*, 914 F. Supp. 1480 (N.D. Ill. 1995), require the trustee to investigate the validity of the creditor's state court judgment. The creditor, by filing to have her state judgment upheld and paid in bankruptcy, has effectively consented to the bankruptcy court's jurisdiction to determine the judgment's validity in an avoidance action, thereby waiving any potential Rooker-Feldman abstention.

Specifically, the following laws and case law apply: **

- **U.S. Constitution, Fifth Amendment (Due Process Clause):** Guarantees the right to a fair hearing and legal process, including the right to meaningful participation.
- **U.S. Constitution, Fourteenth Amendment (Equal Protection Clause):** Ensures equal protection under the law, including for individuals with disabilities.
- **U.S. Constitution, Article VI, Clause 2 (Supremacy Clause):** Federal law prevails over conflicting state law.
- **Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.:** Mandates reasonable accommodations, including the appointment of a GAL and ensuring meaningful participation in court proceedings for individuals with cognitive impairments.
- **38 CFR Part 13 (VA Fiduciary Regulations):** Governs the management of VA benefits and the determination of incompetence, establishing a federal standard that should be considered by the bankruptcy court.
- **38 CFR Part 13 (VA Fiduciary Regulations** governs the Fiduciaries Duties and Obligations under the law.
- **Federal Rules of Civil Procedure, Rule 17:** Addresses real parties in interest and the capacity of individuals to sue or be sued, relevant to the appointment of a GAL.
- **Federal Rules of Bankruptcy Procedure, Rule 1004.1:** "If an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative may file a voluntary petition on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor." This rule mandates the appointment of a GAL or other protective order for an unrepresented incompetent debtor.
- **Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983):** Establishes the Rooker-Feldman doctrine.
- **Cabal v. Tabas, 914 F. Supp. 1480 (N.D. Ill. 1995):** Addresses the trustee's duty to investigate potential fraud.
- **State law:** State procedural rules regarding competency hearings, though federal courts are primarily governed by federal rules.

- **Local Rules of the Middle Georgia Bankruptcy Court:** While they cannot override federal law, they must be considered.
- **2021 Behr v. Campbell:** Recent federal district court case regarding due process violations in state court, and the application of Rooker-Feldman.

Furthermore, the following cases help to narrow the application of the Rooker-Feldman doctrine, which is crucial in this situation:

- **McCormick v. Braverman, 451 F.3d 382 (6th Cir. 2006):** This case clarifies that Rooker-Feldman does not bar federal courts from hearing general constitutional challenges that are not inextricably intertwined with a specific state court judgment.
- **Kougasian v. TMSL, Inc., 359 F.3d 1136 (9th Cir. 2004):** This ruling emphasizes that Rooker-Feldman applies only when the federal plaintiff seeks to overturn a state court judgment, not when they present independent claims.
- **Casale v. Tillman, 558 F.3d 176 (2d Cir. 2009):** Reinforces that Rooker-Feldman is a narrow doctrine, and federal courts retain jurisdiction over claims that do not directly seek to reverse a state court decision.
- **May v. Morgan County, 876 F.3d 879 (7th Cir. 2017):** This case highlights that Rooker-Feldman does not preclude federal courts from addressing claims that are merely related to state court proceedings.
- **Target Media Partners v. Specialty Marketing Corp., 881 F.3d 1255 (11th Cir. 2018):** This decision narrows the application of Rooker-Feldman, by stating that the doctrine does not prevent federal courts from hearing claims that are independent from the state court judgment.

### Regarding competency and meaningful participation:

- "The appointment of a guardian ad litem is not a mere technicality, but a vital safeguard to protect the interests of those who are unable to protect themselves." This principle is directly applicable to the debtor, whose cognitive impairments, stemming from a TBI, mental illness, and other service-related injuries, render them incapable of meaningfully participating in legal proceedings. Rule 1004.1 of the Federal Rules of Bankruptcy Procedure, Federal Rule 17 and Georgia State Law 9-11-17subsection C reinforces this, mandating the appointment of a GAL or other protective order for an unrepresented incompetent debtor.

It is crucial to emphasize that neither the debtor nor the fiduciary seeks a direct review or overturning of the state court judgment. Instead, they assert an independent claim of a violation of their due process rights and the Debtors ADA rights under the law, both in the state court proceedings and now in the bankruptcy court. This independent claim falls outside the purview of the Rooker-Feldman doctrine, as it does not seek to reverse the state court's decision, but rather to address the systemic denial of fundamental rights. The attorney's apprehension that the court will find a GAL "complicates matters" further underscores the systemic failure. This reluctance highlights a court culture that prioritizes expediency over the protection of vulnerable individuals, directly contradicting the ADA's mandate for reasonable accommodations. The cumulative effect of these violations creates a situation of irreparable harm, necessitating immediate federal intervention to protect the debtor's fundamental rights and uphold the integrity of the federal judicial system.

### How duties of the trustee Apply in this request

The Trustee must not take a cost-benefit analysis (CBA) into account when investigating due process violations and seeking to recover property of the estate of Sean Peyton Ross and will be explained why.

The Trustee's duties are primarily defined by the Bankruptcy Code, specifically 11 U.S.C. § 704, which mandates that the Trustee "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest."

This duty is fiduciary in nature, requiring the Trustee to act in the best interests of the estate and its creditors.

When due process violations and potential fraudulent transfers are alleged, the Trustee has a duty to investigate and pursue recovery, regardless of the potential costs. The Trustee's duty to investigate fraud is further reinforced by *Cabal v. Tabas*, 914 F. Supp. 1480 (N.D. Ill. 1995), which emphasizes the Trustee's obligation to scrutinize transactions for potential fraud.

Moreover, the Trustee's duty to uphold the integrity of the bankruptcy system and ensure fairness overrides any purely economic considerations. Therefore, the Trustee cannot prioritize cost-effectiveness over the fundamental obligation to investigate and rectify legal wrongs that have harmed the estate.

Furthermore, a cost benefit analysis (CBA) does not apply when constitutional rights are fundamental and must be upheld. The Trustee, and the judges, take oaths to uphold the Constitution. These rights are absolute, inalienable, and not subject to cost-benefit analysis.

The Fifth and Fourteenth Amendment rights to due process, the ADA's mandate for reasonable accommodations, and the Supremacy Clause's requirement to respect federal determinations are not subject to economic balancing.

These are fundamental rights, and the Trustee's duty to investigate and rectify their violation is paramount. The integrity of the legal system demands that these rights be protected without regard to financial considerations.

To suggest otherwise would undermine the very foundation of justice and the rule of law. This is especially true in the case of a disabled veteran, who served and swore to uphold the Constitution, and now finds himself denied the very protections he fought to defend.

The courts have an even higher duty to protect those who have sacrificed for the nation. To allow a cost-benefit analysis to override the fundamental rights of a disabled veteran, suffering from service-connected injuries, would be a profound betrayal of the principles of justice and the promises made to those who serve.

"In this specific case, the Trustee has an enhanced duty and obligation to the debtor and the debtor's estate. Given the debtor's documented incompetence, mental illness, and 100% permanent and total disability, the Trustee must exercise heightened diligence in investigating potential due process violations and fraudulent transfers that occurred because the Debtor had inadequate representation and other Constitutional Rights Violated in the State Court and During the previous Chapter 13 and the Creditor did Commit further rights Violations and Fraud in Seeking the Creditors Judgement in State Court and Violated the Debtors Rights in the previous Chapter 13.

We are not seeking to appeal or overturn the judgement but rather to avoid its affects both in money and property and return them to the bankruptcy estate of Sean Peyton Ross.

This is a must as if it is not done, the judgement will survive the bankruptcy, the injustice will survive the bankruptcy and the Debtors Fresh Start rights will be violated

The Trustee's fiduciary duty extends beyond mere financial considerations; it requires proactive protection of the debtor's rights and assets, especially when the debtor is demonstrably vulnerable. The Trustee must not only investigate but also actively seek to rectify any legal wrongs that have harmed the estate, ensuring that the debtor's rights are fully protected and that the integrity of the bankruptcy process is upheld.

The Trustee's enhanced diligence is not merely a matter of discretion but a legal and ethical imperative, particularly in cases involving vulnerable individuals like the disabled veteran in question. The Trustee's actions must reflect a commitment to justice, fairness, and the protection of those who are unable to protect themselves.

This enhanced fiduciary duty demands a thorough and unwavering pursuit of justice, ensuring that the debtor's rights are not further compromised by procedural failures or economic considerations. The Trustee's role in

safeguarding the estate and upholding the rule of law is paramount, and in this instance, it requires an exceptional level of care and dedication.

This dedication must manifest in a resolute effort to restore the debtor's property, rectify past injustices, and guarantee that the bankruptcy process serves its intended purpose: to provide a fair and equitable resolution for all parties involved, especially those who, due to their vulnerabilities, require the utmost protection.

Ultimately, the Trustee's actions in this case before the Federal Bankruptcy Court, which is a Court of Equity with Equitable powers will serve as a testament to the principles of justice and the commitment to safeguarding the rights of the most vulnerable members of society."

## Why Georgia State Law Applies in Federal Bankruptcy Court:

- **Bankruptcy Code's Reliance on State Law:**
  - The U.S. Bankruptcy Code, while a federal law, often incorporates and relies upon state law. This is particularly true in areas like:
    - **Exemptions:** The Bankruptcy Code allows debtors to claim exemptions that protect certain property from creditors. Many states, including Georgia, have "opted out" of the federal exemption scheme, meaning their state exemptions apply in bankruptcy.
    - **Property Rights:** The determination of property rights, such as ownership, liens, and secured interests, is generally governed by state law.
    - **Contract Law:** Bankruptcy cases often involve disputes over contracts, which are primarily governed by state law.
- **Erie Doctrine:**
  - The *Erie Railroad Co. v. Tompkins* (1938) Supreme Court decision established the principle that federal courts sitting in diversity jurisdiction must apply state substantive law.
  - While bankruptcy is a federal question, it often involves state law issues, making the *Erie* doctrine relevant.

## Georgia State Law and Its Examples Georgia's Exemption Statutes:

- **Georgia Code Title 44 (Property):** namely **Georgia Code § 44-13-100 et seq.:** This is the main body of Georgia's exemption laws. This code section lists the property that is exempt from the bankruptcy
  - **Georgia Property Law:** Georgia property law governs ownership, liens, and other property interests. This law is used to determine what property is included in the bankruptcy estate.
  - **Georgia Contract Law:** Georgia contract law governs the validity and enforceability of contracts. This law is used to resolve disputes over contracts in bankruptcy cases.
  - **GA Code § 30-5-3 (2024) (7)** "Essential services" means social, medical, psychiatric, <u>or legal services necessary to safeguard the disabled adult's or elder person's rights and resources</u> and to maintain the physical and mental well-being of such person. These services shall include, but not be limited to, the provision of medical care for physical and mental health needs, assistance in personal hygiene, food, clothing, adequately heated and ventilated shelter, and protection from health and safety hazards but shall not include the taking into physical custody of a disabled adult or elder person without that person's consent.
  - **GA Code § 30-5-3 (2024(1)** "Abuse" **means** the willful infliction of physical pain, physical injury, sexual abuse, mental anguish, unreasonable confinement, **or the willful deprivation of essential services to a disabled adult** or elder person.

### Summary of Why Georgia Law is Applicable and Enforceable in Bankruptcy Court

Georgia state law, particularly its exemption statutes, property law, and contract law, is directly applicable in bankruptcy cases filed in the Middle District of Georgia. This is because the Bankruptcy Code relies on state law to determine property rights and exemptions, and because of the principles established by the *Erie* doctrine. This falls in line with the Maxim "Federal Law Floor and State Law Ceiling".

In Short as Fiduciary I request all Applicable State, Federal, Bankruptcy, VA Title 38 and ADA Title 42 law and Constitutional law be applied in this matter with due haste as this is a matter of urgency considering the pending Court date and the substantial harm that will occur if this is not remedied and the matter of the Creditor is heard without the Debtor having full representation as required under the law of a Fiduciary, An Attorney and a GAL and with all 3 working with the trustee whom is physically present and pursuing due diligence in the matter at hand.

Therefore, I Cely Jeannette Ross acting under Title 38 section 13 law as fiduciary seeks an immediate injunction to stay all proceedings until either a competency hearing is conducted and/or the bankruptcy courts recognizes the VA's determination of the debtor's incompetence, mental illness, and gross impairment, as Prima Fascia evidence thereof as Applicable Georgia law states per the Erie Doctrine and/ or a GAL is appointed.

Furthermore, the fiduciary seeks clarity of the matter in writing and written assurances from the court, in an order that the Trustee will conduct a thorough investigation into the due process violations, regardless of any cost-benefit analysis.

I respectfully request that the issues I the request be clarified before any further proceedings are conducted on March 13th 2025 as any further hearing of any further matters concerning the Debtor will Violate the Debtors Rights and will cause irreparable harm to the Debtor and potentially the Debtors Estate.

This request is made with the understand that the Courts Decision will be made without reviewing the merits of the Creditors case or acting on appeal of the Creditors State Court Judgement in favor of the Creditor but under Due process and Fraud Clauses and Avoidance Actions Clauses of Federal Bankruptcy law citing Mullane V Hanover Trust.

Respectfully Submitted this Day 03/05/2025

Cely Jeannette Ross

288 Midway Rd

Barnesville, GA 30204

678-588-6984

rjannette57@yahoo.com
cross00220@gmail.com

United States Bankruptcy Court

Middle District of Georgia

Macon Georgia

Re, Sean Peyton Ross

Chapter 7 Debtor

Party in Interest                                              Case Number 24-51851- RMM

Cely Jeannette Ross

Fiduciary

Certificate of Service

I Cely Jeannette Ross, Fiduciary of Sean Peyton Ross, have served due and proper Notice By electronic means and by US Mail this Day )3/05.2025 to the parties below.

Ginger Tant Sanders

283 Midway Rd

Barnesville, Ga 30204

Sherry Johnson

Attorney for Sean Peyton Ross

3333 Vineville, Ave

Macon Ga 31204

478-745-1641


Walter Kelly

1525 Lafayette Plaza Dr

Albany Ga 31707

229-888-9128


Respectfully Submitted this Day 03/05/2025

Cely Jeannette Ross

288 Midway Rd

Barnesville, GA 30204

678-588-6984

~~cjannette57@yahoo.com~~   cross0022@gmail.com