United States Bankruptcy Court

Middle District of Georgia

Macon Georgia



Re, Sean Peyton Ross

Chapter 7 Debtor                                                                     Case Number 24-51851- RMM

Party in Interest

Cely Jeannette Ross

Fiduciary

**Fiduciary's Motion to Find those Culpable and thru Negligence that Caused this Debt and hold them liable to the Estate**

As Debtor Federally Appointed Fiduciary, I Cely Jeannette Ross respectfully move this Court and the trustee to try and understand what I am saying and not how I say it as English is not my First language, although I Speak Fluent English there are nuances that can make things seem direct or otherwise and that's not my intentions to this Court.

I understand the Bankruptcy Court cannot directly attack a state Court judgement under a Doctrine called Rooker Feldman, however the bankruptcy Court and or trustee or the Fiduciary such as myself of the Guardian Ad Litem attack it from a "collateral Proceeding" such as an Avoidance Action and a Fraudulent Transfer Action, especially if Fraud and/ or Due Process and other Constitutional Rights are violated or the Process did not flow state law in state Court to Obtain the judgement complained of here in bankruptcy Court.

I have watched my Husband, the Debtor whom is in my Charge as Fiduciary and as daily care taker suffer much indignity.

He suffers from mental incompetence, severe mental illness, gross impairment of his thought process and has Mild Cognitive and memory issues. Couple this with PTSD and the fact he is in home care under my Care as ordered by the VA, the Issue is a dire one needing resolution in an Equitable manner and not an expedited one.

What I have to say is not to relitigate state court matters, but rather to show this court the inequities befalling my Husband, the Debtor and has caused much issue in his health in a severely negative impact.

Questions for the Court

My Questions are, was my husband has been neglected by Lamar County in the so called placement of the home at 288 Midway rd. that is subject of the Debtors Estate causing the issue complained of in state Court.

The County Building inspector, My Husband the Debtor and the Bank walked the area where the House was going and measured from a line of fence post marked by ribbons and marked the placement of the home.

Is this the negligence of My Husband, the Debtor, or is this the negligence of the Bank, or Lamar County? He had a representative payee and the bank sent the loan officer out to meet with the County inspector and my husband the Debtor because of that representative payee relationship known by the bank to make sure My Husband did not do anything stupid to jeopardize the collateral and the money of the bank in constructing the home

Why did the County Accept the fence line, so marked in determining setback on the home??

Problem is Aaron Watson was hired by the local real estate Agent to come out and inspect the property when my Husband and Charge, the Debtor bought the empty land now known as 288 midway Rd Barnesville, Ga 30204. In 2018when the Dispute erupted, it was discovered Aaron Watson was and is not a licensed Surveyor in Georgia According to the licensing Board and is the ex-Brother in law of Tim Cherry, the realtor who's agency sold the Debtor his land.

My Husband the Debtor, only Found this out during the commencement of hostilities between my husband and the Creditor and the Creditors son and husband that was placed upon my Husband the Debtor.

Should my Husband pay for this negligence or Should Tim Cherry and Aaron Watson?

Aaron Watson was supposed to do a full survey, not write a note in order for the local Closing Attorney to have Deed and Title insurance issued.

Why did the Attorney Accept a simple note and it was signed by signature with no further license number or proof of Aaron Watson being a licensed surveyor?

Again My Husband did not hire them, the Real-estate Agency Did and The Debtor relied on their integrity

Is Old Republic Deed and Title Culpable here, or the Closing Attorney Larry Scott Mayfield, or Both?

The insurance Company failed in its Fiduciary Duty on handling the title and boundary Dispute, why has the Debtors Deed and title not paid the matter. There was $30,000 to either pay lawyers or pay the $24,000 settlement?

Why did the Deed and Title insurance company not provide adequate representation to the Debtor, My Husband when requested instead of asking my Husband, the Debtor, to provide all proof? When matters such as this Arise the insurance companies hire s surveyor to come out and a lawyer to come out and investigate the matter, So why not?

## How the Bankruptcy Court can resolve the matter?

**Comprehensive and Corrected Analysis of Liabilities, Legal Issues, and Bankruptcy Court's Role (Georgia, Federal, Insurance, and Real Estate Laws)**

This case presents a complex and egregious series of legal violations, including significant conflicts of interest, breaches of duty, and potential fraudulent activities, all resulting in substantial harm to the Debtor.

The following analysis meticulously outlines the liabilities of all parties involved, the applicable laws, constitutional issues, and the critical role of the Chapter 7 bankruptcy trustee and court in providing proper and adequate relief to both the Debtor and the Debtors Legitimate Creditors.

**I. Initial Situation and the Attorney's Conflict of Interest (2006)**

- **Attorney's Actions:**
  - The attorney, a partner in a law firm, also operating a side business as the top sales agent for the title insurance company, served as the closing attorney for the Debtors real estate purchase.
  - During the closing, the attorney negligently accepted a mere note from Aaron Watson as a "survey," failing to verify the property's boundaries rather than a proper survey from a licensed surveyor. Closing Attorney did pass this off to the Deed and title as good and committed Fraud to the insurance company in doing so.
  - The attorney failed to verify the marked property line in the sales contract against any legal survey by having a note from an unlicensed individual instead of a survey.
- **Attorney's Wrongdoing:**
  - The attorney's dual role created a direct conflict of interest, prioritizing the sale of title insurance over the diligent protection of the Debtors interests.
  - The attorney's acceptance of a fraudulent "survey" and failure to verify the property line constituted gross negligence.
- **Applicable Laws:**
  - **Georgia Bar Rules:**
    - **Rule 1.7 (Conflict of Interest: Current Clients):** The attorney had a concurrent conflict of interest due to their dual role.
    - **Rule 1.1 (Competence):** The attorney failed to provide competent representation by accepting a fraudulent "survey."
    - **Rule 1.3 (Diligence):** The attorney failed to act with reasonable diligence by not verifying the property line.
  - **Georgia Real Estate Law (O.C.G.A. § 10-6A-5):** The attorney breached their duty to ensure the accuracy of legal documents and protect the client's interests.

**II. The Emergence of the Property Line Dispute (2018)**

- **Creditor Ginger Tants Actions:**
  - Creditor Tant did initiated a property line dispute before closing on the neighboring property, claiming a portion of the Debtors land where a cleared drive path had already been established to the Creditor gain.
  - Creditor Tant relied on a Google Earth plat, which is not a legal survey, and hired an unlicensed surveyor (Brandon Mercer) to place pins.
  - Creditor later hired James Butler, a licensed surveyor, to verify the placement of the unlicensed pins.
- **Creditor Tants Wrongdoing:**
  - Creditor Tants actions suggest an intent to claim the land now in dispute even before finalizing the purchase, potentially taking advantage of unclear boundaries and the fact that there was an established clearing and drive path built by the Debtor at great expense and would give the Creditor an instant cleared drive path at no cost to the Creditor.
  - Creditor Tant used an unlicensed surveyor Brandon Mercer.
- **Applicable Laws:**

- o **Georgia Real Estate Law (O.C.G.A. § 44-2-1 et seq.):** The reliance on a Google Earth plat and an unlicensed surveyor raises questions about the validity of the Creditors claim and James Butler later confirmation of those points because the Points matched the old Survey but a new survey of all the adjoining the lots along Midway Rd in 2024 has contradicted this.

**Georgia Fraud Laws (O.C.G.A. § 23-2-51 et seq.):** The Creditors actions could be construed as an attempt to fraudulently acquire additional property. Are to be Construed as Fraud as the executor was well aware before closing and sold the Creditor the land under executors Deed when Georgia law requires the executor recover all property of the Estate and Quiet title before sale, otherwise the transaction is Void as if it never happened per Georgia law and Case Law.

### III. The Attorney's Continued Conflict and the Debtors Vulnerability

- **Attorney's Actions (2018-Present):**
    - o Despite representing the Debtor in 2006, the attorney agreed to represent the Creditor in the property line dispute.
    - o The attorney dismissed the Debtors concerns about the property line before the Creditors closing.
    - o The attorney filed a suit against the Debtor.
- **Attorney's Wrongdoing:**
    - o The attorney's continued involvement represents a blatant conflict of interest and a breach of their duty of loyalty to the Debtor.
    - o The dismissal of the Debtors concerns is a breach of duty.
- **Old Client's Vulnerability:**
    - o The Debtor has a disability and was declared legally incompetent in 2017.
    - o The Debtor was unaware of the property line issue until Creditor Tant initiated the dispute.
    - o The Debtor filed for Chapter 7 bankruptcy in 2024.
- **Applicable Laws:**
    - o **Georgia Bar Rules:**
        - **Rule 1.9 (Duties to Former Clients):** The attorney represented a new client, the Creditor against the Debtor in a substantially related matter with adverse interests.
        - **Rule 1.14 (Client with Diminished Capacity):** The attorney failed to adequately protect a client with diminished capacity.
        - **Rule 8.4 (Misconduct):** The attorney engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation.
    - o **Bankruptcy Law (11 U.S. Code § 523):** The bankruptcy court must determine that the debt owed to Creditor is dischargeable.
    - o **Americans with Disabilities Act (ADA) (42 U.S. Code § 12101 et seq.):** The attorney's actions could be considered discriminatory if they took advantage of the Debtors disability.

### IV. Liabilities of the Title Insurance Company

- **Insurance Company's Actions:**
    - o The title insurance company has a duty to defend the Debtor against covered claims, including property line disputes.
    - o The attorney, their sales agent, is now representing the opposing party, creating a conflict of interest.
    - o The insurance company has failed to properly supervise their sales agent.
- **Insurance Company's Wrongdoing:**
    - o The insurance company's potential inaction or inadequate defense of the Debtor is a direct result of the conflict created by their agent's involvement.
    - o The insurance company has vicarious liability for the attorney's actions.
    - o The insurance company failed to uphold their fiduciary duties.
- **Applicable Laws:**

- - Georgia Insurance Law (O.C.G.A. § 33-4-6): The insurance company has a duty to act in good faith towards policyholders.
  - Georgia Contract Law: The title insurance policy is a contract, and the insurance company has a duty to fulfill its obligations.
  - 

### V. Liabilities of Aaron Watson, Brandon Mercer, and James Butler

- **Aaron Watson's Actions:** Provided a fraudulent "survey" (note) attesting that Aaron Watson surveyed and confirmed the boundary line in a simple letter and without a license or presenting a proper plat of the results s required for Deed and title Insurance in 2006.
- **Brandon Mercer's Actions:** Unlicensed surveyor hired by the new client in 2018.
- **James Butler's Actions:** Licensed surveyor who "verified" Mercer's pins in 2019.
- **Their Wrongdoing:**
  - Their actions contributed to the property line dispute and potentially misled the parties involved.
  - Aaron Watson's actions were negligent and potentially fraudulent.
  - Brandon Mercer's actions were illegal, as he practiced surveying without a license.
  - James Butler's actions raise questions about his professional judgment and due diligence.
- **Applicable Laws:**
  - Georgia Law on Practicing Surveying Without a License (O.C.G.A. § 43-15-1 et seq.): Prohibits practicing land surveying without a license.
  - Georgia Tort Law: All three could be liable for negligent misrepresentation or fraud.

### VI. Real Estate Agents Liabilities

- **Real Estate Agents Actions:**
  - The Real estate agent was aware of the property line dispute before closing.
  - The real estate agent did not disclose the dispute to the new client.
- **Real Estate Agents Wrongdoing:**
  - The real estate agent failed in their fiduciary duty to Creditor Tant by not disclosing all known information although Creditors independent knowledge of the matter was well known.
  - The real estate agent failed to record Creditor Tants independent knowledge of the dispute in the Closing Documents.
- **Applicable Laws:**
  - Georgia Real Estate Law (O.C.G.A. 10-6A-1 et seq.): Governing real estate agent's duties.

### VII. How the Chapter 7 Bankruptcy Trustee and Court Can Help the Debtor Determine Dischargeability of Debt (11 U.S.C. § 523):

- - The bankruptcy court can determine if the state court judgment against the Debtor is dischargeable or if it falls under exceptions to discharge (e.g., fraud, willful and malicious injury).
- **Avoid the Lien (11 U.S.C. § 522(f)):**
  - If the property in dispute was deemed part of the bankruptcy estate, the court can avoid the lien placed on the property by the state court judgment.

- **Adjudicate the Property Dispute:**
  - The bankruptcy court has the power to resolve the property dispute itself, potentially through mediation or by holding an evidentiary hearing.
- **Recover Damages:**
  - The bankruptcy trustee can pursue claims against the attorney, real estate agent, and insurance company for negligence, breach of duty, and other violations, recovering damages for the Debtors estate.

- **Deny Discharge of Debt:**
  - If the debt was incurred due to fraud or misconduct, the court can deny the discharge of the debt, making the responsible parties liable.
- **Clawback Actions (11 U.S.C. § 547, 548):**
  - The trustee can use clawback provisions to recover improper payments or transfers made to the attorney or other parties involved.
- **Impose Sanctions:**
  - The court can impose sanctions on the attorney and other parties for misconduct, including monetary penalties and referral to disciplinary authorities.
    - **Liability for State Court Judgement:**
  - The bankruptcy court can make the attorney, real estate agent, and insurance company liable for the Debtors state court judgement, by determining as the record and facts will show, that that the debt was caused by their negligence, fraud, breach of fiduciary duty, breach of contract, or bad faith.
  - The bankruptcy court will not make the Debtor pay the judgement, unless the judgement is determined to be nondischargeable.

## VIII. Detailed Liabilities and Legal Issues

- **Attorney's Liabilities:**
  - **Georgia Bar Rules Violations:** Rules 1.7, 1.9, 1.1, 1.3, 1.14, and 8.4.
  - **Negligence:** Accepting a fraudulent "survey," failing to verify the property line, and not researching and verifying with an actual retracement survey by a licensed surveyor of the 1973 survey.
  - **Fraud:** Potential involvement in a scheme to defraud the Debtor
  - **State/Federal Law Violations:** Georgia Contract Law (O.C.G.A. § 13-6-1 et seq.), Georgia Tort Law (O.C.G.A. § 9-3-25, O.C.G.A. § 51-1-1 et seq.), Georgia Fraud Laws (O.C.G.A. 23-2-51 et seq.), federal fraud statutes, and ADA violations.
  - **Constitutional Rights Violations:** Due process violations.
  - **Duties Violated:** Duty of loyalty, competence, diligence, communication, confidentiality, and fiduciary duty.
  - **Liabilities to Debtor:** Legal malpractice, breach of contract, fraud, compensatory and punitive damages, disciplinary action, and liability for the state court judgment.
- **Real Estate Agents' Liabilities:**
  - **Georgia Real Estate Law Violations:** O.C.G.A. 10-6A-1 et seq.
  - **Breach of Fiduciary Duty:** Failure to disclose the Creditors property line dispute with the Debtor before Closing in Creditor Tants Closing Documents to the Attorney.
  - **Negligence/Misrepresentation:** Failure to disclose known information.
  - **Liability:** Vicarious liability and liability for the state court judgment.
- **Insurance Company's Liabilities:**
  - **Georgia Insurance Law Violations:** O.C.G.A. § 33-4-6.
  - **Breach of Contract/Bad Faith:** Failure to defend the Debtor.
  - **Vicarious Liability:** Liability for the attorney's actions.
  - **Conflicts of Interest:** Failure to prevent and disclose the attorney's conflict.
  - **Failure to Check the Attorneys paperwork to make sure a Proper survey was done according to Georgia law before Deed and title did issue to the Debtor:**
  - **Direct Liability:** Failure to investigate and defend.
  - **Liability:** Liability for the state court judgment.
- **Creditor Tants Liabilities:**

- o **Georgia Real Estate/Fraud Law Violations:** Initiating a false property line dispute or legitimate suit under false pretenses with intent to cause harm upon the Debtor(ABUSE OF PROCESS).
- o **Unjust Enrichment:** Benefiting from the incorrect property line with knowledge of the issue and suing the Debtor and then asking for the Attorney fees paid by State Farm Insurance Company with a serious question to why the insurance company has not demanded them in court, nor has filed any Claim or Motion for said fee's in Bankruptcy Court. Furthermore, the Creditors son is on record in sheriff's report claiming he won a $58,000 judgment against the Debtor when the Creditor Tant only Paid $28,000 or less out of pocket. There is intent to Defraud the estate of the Money the insurance company paid to defend the claim and the Creditor intends to keep it
- o **Civil Conspiracy:** Potential conspiracy with the attorney as there is no other reason a person such as the Creditor Tant who claims to be an innocent woman harmed, would go along with such gross incompetence and negligence unless there was an advantage or alterior motive involved.
- o **Constitutional Rights Violations:** Depriving the Debtor of due process rights.
- o **Federal Law Violations:** Conspiring to deprive the Debtor of his rights when the Creditor was aware of the issues at hand and of the Debtors Handicaps preventing the Debtor from having proper representation in state Court and in Chapter 13 bankruptcy Court.
- o **Liability:** Liability for using an unlicensed surveyor and flawed plat image at time of purchase.
- **Surveyors' Liabilities:**
  - o **Aaron Watson:** Negligent misrepresentation and potential fraud.
  - o **Brandon Mercer:** Negligence and misrepresentation for unlicensed surveying.
  - o **James Butler:** Potential negligence in verifying unlicensed pins.
  - o **Georgia Law Violations:** O.C.G.A. § 43-15-1 et seq. and Georgia Tort Law.

### Conclusion:

The attorney's actions constitute a serious breach of professional ethics and legal duties. The Debtor has a strong case for legal malpractice, breach of contract, and potentially fraud. The bankruptcy court must play a vital role in protecting the Debtors rights and holding the responsible parties accountable. The Chapter 7 bankruptcy trustee must act swiftly secure legal representation, and initiate the necessary legal proceedings to protect the estate's interests and seek redress for the damages suffered.

### Rights to Recovery and Potential Claims by the Creditor Ginger Tant with Legal Principles

Creditor Ginger Tant could theoretically claim damages from the attorney, surveyor and realtor, though her success would be significantly impacted by her own actions.:

**Potential Claims by Creditor Ginger Tant:**

- **Against the Attorney:**
  - o **Negligence/Malpractice:**
    - If the attorney failed to disclose material information or made misrepresentations that directly harmed Creditor Ginger Tant, even if the Creditor Tant had some prior knowledge, they might still claim negligence. For example, if the attorney failed to conduct a proper title search or disclose known title defects.
    - **Legal Principles:** This claim hinges on the attorney's duty of care. Even with the Creditor Tants knowledge, the attorney cannot provide substandard legal service.
  - o **Breach of Fiduciary Duty:**
    - Although the Creditor Tants own actions would weaken this claim, if the attorney owed them a fiduciary duty and breached it, damages could be sought.
  - o **Fraud:**

- If the attorney actively participated in a scheme to defraud the new client, even if the new client had less than clean hands, a fraud claim could be pursued. However, the understanding is that there that there was no scheme to defraud the Creditor Tant by the closing attorney, and that the attorney's actions were driven by laziness and indifference, this claim is extremely weak.
- **Legal Principles:** Fraud requires intent, misrepresentation, reliance, and damages.
- **Against the Realtor:**
  - **Failure to Disclose:**
    - If the realtor failed to disclose known material defects or information that would have affected the Creditor Tants decision to purchase, Creditor Tant could claim damages. However, Creditor Tant's existing knowledge would significantly reduce the weight of this claim.
  - **Misrepresentation:**
    - If the realtor made false statements that the new client relied on, even if they were aware of some issues, they could claim damages.
  - **Estoppel:**
    - If the realtor made promises or assurances that Creditor Tant relied upon to their detriment, the realtor may be estoppled from denying those promises.

### Factors Affecting Creditor Tants Claims:

- **Contributory Negligence/Comparative Fault:**
  - Creditor Tants knowledge and actions would likely be considered contributory negligence or comparative fault. This would reduce or eliminate their recovery of damages.
  - **Georgia Law:** O.C.G.A. § 51-12-33 governs comparative negligence in Georgia.
- **"Unclean Hands" Doctrine:**
  - A court applying equitable principles may deny relief to Creditor Tant if their own conduct is deemed unethical or in bad faith.
- **Knowledge and Waiver:**
  - If Creditor Tant had actual knowledge of the defects or issues and proceeded with the transaction, Creditor Tant is deemed to have waived her right to claim damages.
- **Causation:**
  - Creditor Tant would have to prove that the attorney or realtor's actions directly caused their damages, and that those damages were not solely due to her own actions.
- **Other Factors:**
  - The fact that the attorney's actions were driven by laziness and indifference, not a focused intent to harm, and that Creditor Tant was aware and willingly agreed to go along with it, heavily impacts any claims.
  - The fact that the Creditor Tant just wanted to "stick it" to the Debtor, and went along with the attorney, shows a complete disregard for legal and ethical behavior.

### Relevant Georgia, Federal, Bankruptcy, and Real Estate Fraud Laws:

- **Georgia Fraud Laws (O.C.G.A. 23-2-51 et seq.):**
  - Defines fraudulent activities, including misrepresentation, concealment, and intent to deceive.
- **Georgia Real Estate Fraud (O.C.G.A. 44-1-2 et seq.):**
  - Governs fraudulent practices in real estate transactions, including misrepresentation of property boundaries.
- **Federal Fraud Statutes (18 U.S.C. § 1341 et seq.):**
  - Covers mail fraud, wire fraud, and other forms of federal fraud.
- **Bankruptcy Code (11 U.S.C. § 523):**
  - Governs exceptions to discharge, including debts obtained by fraud.
- **Georgia Bar Rules:**

- o Rule 8.4 (Misconduct): Prohibits attorneys from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.
- **Georgia Real Estate License Law (O.C.G.A. 43-40-1 et seq.):**
  - o Governs the conduct of real estate licensees and prohibits fraudulent activities.

### Challenges for Creditor Tant:

- Demonstrating that the attorney or realtor's actions caused damages separate from those caused by her own actions.
- Overcoming the defense of contributory negligence or "unclean hands."
- Establishing that she reasonably relied on information provided, despite their own prior knowledge.
- Proving that any fraud occurred.
- The fact that they willingly went along with the attorney, and wanted to harm the Debtor, is a huge hindrance.
- The fact that the attorney's actions were from laziness and indifference, not a scheme to defraud Creditor Tant, destroys the fraud claim.

### In Summary:

While Creditor Tant could theoretically pursue claims, her own actions, her knowledge of the attorney's negligence, and their willingness to participate would significantly hinder her ability to recover damages. Courts would likely scrutinize their actions and apply principles of equity, estoppel, and contributory negligence to limit or deny her recovery. The burden of proving fraud would be exceptionally high, and Creditor Tants own conduct would be a dominant factor in any determination. The above information essentially destroys any chance of Creditor Tant winning any fraud claims against the attorney, real estate Agent or Brandon Mercer.

### Debtor, Fiduciary and Trustee's Use of Creditor Tants Conduct in Bankruptcy (Including Constitutional Violations)

The Debtor, through the Chapter 7 bankruptcy trustee, can leverage Creditor Tants knowledge and participation to challenge the validity and dischargeability of any claims that Creditor Tant might have against the bankruptcy estate.

The Debtor Does demonstrate by the record itself that Creditor Tants actions contributed to the state court judgment and that the judgment was obtained through inequitable conduct, potentially violating constitutional rights.

**1. Challenging Dischargeability of Claims (11 U.S.C. § 523)**

- **Fraud or Willful and Malicious Injury (11 U.S.C. § 523(a)(6)):**
  - o The Debtor can and does prove that Creditor Tants actions constituted a "willful and malicious injury" to the Debtors property rights, the debt arising from the state court judgment could and should be deemed nondischargeable.
  - o The fact that Creditor Tant was aware of the attorney's negligence and willingly participated in actions to "stick it" to the Debtor is evidence of malicious intent.
  - o Additionally, Creditor Tants actions contributed to a deprivation of the Debtors due process rights, and it can surely be argued that this constitutes a willful and malicious injury.
- **Fraud (11 U.S.C. § 523(a)(2)):**
  - o Creditor Tant made false representations and/ or engaged in fraudulent conduct that led to the state court judgment, the debt is to be deemed nondischargeable.

- o Creditor Tants use of the google earth image, and the use of the unlicensed surveyor, and the intent to "stick it" to the Debtor, can be argued as fraudulent actions.
- o Since these fraudulent actions contributed to a deprivation of due process, that can be argued as an independent claim.

**2. Objection to Claims (Bankruptcy Rule 3001)**

- The bankruptcy trustee can object to any claims filed by Creditor Tant against the bankruptcy estate, arguing that the claims are based on inequitable conduct.
- The trustee can present evidence of Creditor Tants knowledge and participation in the attorney's negligence, as well as evidence of Creditor Tants direct and indirect contribution to due process violations, demonstrating that the claims should be disallowed or subordinated.

**3. Adversary Proceedings**

- **Fraudulent Transfer (11 U.S.C. § 548):**
  - o Creditor Tant did receive property and was awarded attorney fees of which the fees are yet collected, as a result of the state court judgment, the trustee can initiate an adversary proceeding avoid judgement and to recover those assets as a fraudulent transfer.
- **Equitable Subordination (11 U.S.C. § 510(c)):**
  - o The trustee can seek to subordinate Creditor Tants claims to those of other creditors, arguing that the new client's inequitable conduct, including contributing to due process violations, justifies a lower priority.
- **11 U.S.C. 105:**
  - o The bankruptcy trustee can use the power of 11 U.S.C. 105 to ask the court to prevent any actions that violate due process rights of the debtor, and to prevent any abuse of the bankruptcy proceedings.

**4. Constitutional Violations and Due Process**

- **Due Process (Fifth and Fourteenth Amendments):**
  - o The trustee can argue that the state court judgment was obtained in a manner that violated the Debtors due process rights. This can include arguments that:
    - The attorney's conflict of interest deprived the Debtor of effective representation.
    - Creditor Tants actions contributed to the Debtors lack of a fair opportunity to be heard.
  - o While the bankruptcy court cannot directly overturn the state court judgment, it can consider these violations when determining the dischargeability of debts and the validity of claims.
- **Other Potential Constitutional Violations:**
  - o If the Debtors diminished capacity was exploited in a way that violated the Americans with Disabilities Act (ADA), this cis actively being raised as a constitutional violation.

**5. Rooker-Feldman Doctrine**

- **Staying Within the Doctrine:**
  - o The Rooker-Feldman doctrine prevents federal bankruptcy courts from directly overturning state court judgments. However, the trustee is not seeking to overturn the state court judgment itself. Instead, the trustee is using Creditor Tants conduct, including contributions to constitutional violations, as a basis for:
    - Determining the dischargeability of debts.

- Objecting to claims in the bankruptcy estate.
- Pursuing avoidance actions and equitable remedies within the bankruptcy court's jurisdiction.

- *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) clarified that the Rooker-Feldman doctrine is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.
- The trustee is not asking the bankruptcy court to overturn the state court ruling, but to determine how that ruling interacts with the bankruptcy code.

## 6. State and Local Laws

- **Georgia Fraud Laws (O.C.G.A. 23-2-51 et seq.):**
    - These laws can be used to establish that Creditor Tants actions constituted fraud under state law, which can then be used as a basis for challenging dischargeability under 11 U.S.C. § 523.
- **Georgia Tort Law (O.C.G.A. 51-1-1 et seq.):**
    - These laws can be used to establish that Creditor Tants actions constituted intentional torts, which can then be used as a basis for challenging dischargeability under 11 U.S.C. § 523(a)(6).

## 7. Bankruptcy Laws

- **11 U.S.C. § 105 (Bankruptcy Court's Power):**
    - This section grants the bankruptcy court broad powers to issue orders necessary to carry out the provisions of the Bankruptcy Code, including the power to prevent abuse of the bankruptcy process and to uphold due process.
- **Federal Rules of Bankruptcy Procedure:**
    - Rule 7001 et seq. governs adversary proceedings.
    - Rule 3007 governs objections to claims.
    - Rule 2004 allows the trustee to examine any entity about the acts, conduct, or property of the debtor.

## Summary

Creditor Tants actions contributed to the state court judgment and that allowing Creditor Tants to benefit from that judgment in bankruptcy would be inequitable and a violation of due process. The bankruptcy court is allowed to address the *effects* of the state court judgment within the bankruptcy context, rather than attacking the judgment itself. This approach ensures compliance with the Rooker-Feldman doctrine while still providing a pathway for the Debtor to seek relief.

...The trustee' can use the bankruptcy court's powers to address the *effects* of the state court judgment within the bankruptcy context, rather than attacking the judgment itself. This ensures compliance with the Rooker-Feldman doctrine while still providing the Debtor relief and uphold the Debtors constitutional rights.

In Short, I Cely Jeannette Ross as Party in interest Both in Marital Rights and as Debtors Fiduciary ask the Trustee and this Court to hold those responsible for this train wreck as Outlined and Protect the Debtor and the Debtors Creditors in full as this serious of events was avoidable and not the fault of the Debtor as has been laid upon the Debtor by the local State Court.

Respectfully Submitted this Day 03/05/2025

Cely Jeannette Ross

288 Midway Rd

Barnesville, GA 30204

678-588-6984

~~rjannette57@yahoo.com~~ CJV
cross00220@gmail.com

United States Bankruptcy Court

Middle District of Georgia

Macon Georgia

Re, Sean Peyton Ross

Chapter 7 Debtor

Party in Interest                                    Case Number 24-51851- RMM

Cely Jeannette Ross

Fiduciary

Certificate of Service

I Cely Jeannette Ross, Fiduciary of Sean Peyton Ross, have served due and proper Notice By electronic means and by US Mail this Day )3/05.2025 to the parties below.

Ginger Tant Sanders

283 Midway Rd

Barnesville, Ga 30204

Sherry Johnson

Attorney for Sean Peyton Ross

3333 Vineville, Ave

Macon Ga 31204

478-745-1641

Walter Kelly

1525 Lafayette Plaza Dr

Albany Ga 31707

229-888-9128

Respectfully Submitted this Day 03/05/2025

Cely Jeannette Ross    *[signature]*

288 Midway Rd

Barnesville, GA 30204

678-588-6984

rjannette57@yahoo.com    cross00220@gmail.com